UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ENERGY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATLIS WIRELESS LLC, a Delaware limited liability company, ENVIRONMENTEL LLC, a Delaware limited liability company, SKYBRIDGE SPECTRUM FOUNDATION, a Delaware corporation, and WARREN HAVENS,<br><br>Defendants. | No.  2:15-cv-01393<br><br><br>**COMPLAINT** |

Plaintiff Puget Sound Energy, Inc. ("Plaintiff" or "PSE"), for its Complaint against Atlis Wireless LLC, Environmentel LLC, Skybridge Spectrum Foundation, and Warren Havens (collectively "Defendants"), alleges as follows:

**INTRODUCTION**

1. This is a civil action against Defendants for breaching the parties' Spectrum Purchase Agreement (the "Agreement"), by which Defendants agreed to assign PSE certain licenses to radio spectrum. Defendants have breached the parties' Agreement in at least two ways: (a) by refusing to honor PSE's right to exercise its option under the Agreement to acquire

COMPLAINT
NO.  2:15-CV-01393 – 1

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

certain additional spectrum from Defendants; and (b) by refusing to consent to the release to PSE of funds held in escrow that are owed to PSE by virtue of a post-closing condition that did not occur.

## PARTIES

2. PSE is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, Washington. PSE is an investor-owned electric utility that provides, among other things, retail electric service in the State of Washington.

3. Defendant Atlis Wireless LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California.

4. Defendant Environmentel LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California.

5. Defendant Skybridge Spectrum Foundation is a non-profit corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California.

6. Defendant Warren Havens is an individual residing in Berkeley, California. Upon information and belief, Mr. Havens is the President and sole officer and director of Atlis Wireless LLC, Environmentel LLC, and Skybridge Spectrum Foundation.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 28 U.S.C. § 1332, there being complete diversity of citizenship between the parties and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

COMPLAINT
NO. 2:15-CV-01393 – 2

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of the action is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

**A. The PSE Area Spectrum Purchase**

9. On May 18, 2010, PSE and Defendants entered into the Agreement whereby PSE agreed to purchase from Defendants certain Federal Communications Commission ("FCC") licenses authorizing the use of Automated Maritime Telecommunications Service ("AMTS") A-Block spectrum within certain geographic areas set forth in the Agreement (the "PSE Area Spectrum").

10. The FCC license rights to the PSE Area Spectrum were formally assigned to and assumed by PSE on November 10, 2010, following the FCC's grant of consent to the license assignment.

**B. The Incumbent Spectrum**

11. The geographic area of the PSE Area Spectrum is encumbered by co-channel "Incumbent Spectrum," which, as defined in the Agreement, is FCC-licensed AMTS A-Block spectrum licensed on a site-specific basis to Maritime Communications/Land Mobile LLC, Debtor-in-Possession ("MCLM").

12. Pursuant to the Agreement, Defendants were permitted to challenge MCLM's legal right to the Incumbent Spectrum ("Incumbent Challenge") in an attempt to achieve legal clearance of the Incumbent Spectrum ("Incumbent Clearance").

13. Should the Incumbent Spectrum licenses held by MCLM become subject to Incumbent Clearance, in whole or in part, pursuant to a written and non-appealable Final FCC Action, within five (5) years of the date of the Agreement (*i.e.*, by May 18, 2015), PSE would be obligated to pay Defendants additional funds as set forth in the Agreement. Under the rules of the FCC, obtaining Incumbent Clearance would cause the license rights to the Incumbent

COMPLAINT
NO. 2:15-CV-01393 – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

07771-0054/LEGAL127554568.4

Spectrum held by MCLM to automatically revert to the licensee of the co-channel geographic AMTS spectrum (which is now PSE within the geographic area of the PSE Area Spectrum).

14. PSE's funds to be paid to Defendants upon achieving Incumbent Clearance were placed in an escrow holding account, and are governed pursuant to an "Escrow Agreement" executed by the parties. The funds held in escrow exceed $100,000.

15. Pursuant to the Agreement, should there be no Incumbent Clearance by (a) Defendants abandoning pursuit of any Incumbent Challenge(s) and providing notice to PSE; (b) any Incumbent Challenge(s) by Defendants be denied by a written and non-appealable Final FCC Action; or (c) no written and non-appealable Final FCC Action occurring upon the conclusion of the five (5) year period—May 18, 2015 (all individually constituting "Incumbent Challenge Cessation")—PSE's funds held in escrow are to immediately revert to PSE. In the event that there is Incumbent Clearance of only a portion of the Incumbent Spectrum, then Defendants would be entitled to a portion of the escrow funds ("Partial Incumbent Clearance Percentage").

**C.  Western 50 kHz Purchase Option**

16. In addition, in the Agreement, Defendants granted PSE the exclusive option to take assignment, at no additional cost to PSE, of additional spectrum in a portion of the geographic area of the PSE Area Spectrum, the "Western 50 kHz," termed the "Western 50 kHz Purchase Option."

17. The Western 50 kHz Purchase Option could be exercised by PSE beginning on the first day after the end of the "maintenance period," as defined in the Agreement. The maintenance period ended the earliest of either (a) the date of Incumbent Clearance by Final FCC Action; (b) the date of Incumbent Challenge Cessation; or (c) five (5) years after the effective date of the Agreement (May 18, 2015).

COMPLAINT
NO. 2:15-CV-01393 – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

07771-0054/LEGAL127554568.4

**D.     Defendants Breached the Agreement By Refusing To Release the Escrow Funds To PSE at the Incumbent Challenge Cessation**

18.     As of May 18, 2015, Defendants did not abandon pursuit of any Incumbent Challenge(s) nor did Defendants provide notice of such abandonment to PSE.  There had also not been a denial of any Incumbent Challenge(s) by a written, non-appealable Final FCC Action, nor had Incumbent Clearance been achieved, in whole or in part, resulting from a written, non-appealable Final FCC Action.  Therefore, Incumbent Challenge Cessation occurred on May 18, 2015 and to date, MCLM still holds a license to all of the Incumbent Spectrum in question.

19.     Thus, because Incumbent Clearance did not occur by May 18, 2015, pursuant to the Agreement and the Escrow Agreement, PSE is entitled to the release of its escrow funds in full.

20.     On May 26, 2015, PSE notified Defendants that the post-closing condition of achieving Incumbent Clearance had not occurred by May 18, 2015, and sent instructions for the parties to jointly instruct the escrow agent to transmit the escrow funds to PSE.

21.     Under the terms of the Agreement and the Escrow Agreement, the escrow funds were to be distributed to PSE within twenty-one (21) days of the Incumbent Challenge Cessation (May 18, 2015), which was June 8, 2015.

22.     On June 8, 2015, Mr. Havens sent an email responding to PSE's request to release the escrow funds.  Defendants refused to release the escrow funds to PSE and instead, contended incorrectly that PSE was in breach of the Agreement.

23.     On June 19, 2015, PSE responded by email, denying Defendants' contention that PSE was in breach of the agreement, advising Defendants that they are in further breach of the Agreement and that Defendants are increasing PSE's damages by refusing to release the funds, and reiterating PSE's request that Defendants execute the instructions to release the escrow funds to PSE.

COMPLAINT
NO. 2:15-CV-01393 – 5

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

24. On August 14, 2015, PSE re-sent Defendants its request for Defendants to execute the release of the escrow funds to PSE.

25. To date, neither Mr. Havens nor any other representative of Defendants has responded to PSE's June 19, 2015 email or provided any other communication to PSE.

26. Defendants' improper refusal to release the escrow funds to PSE after the Incumbent Challenge Cessation breaches the terms of the Agreement and has caused PSE to sustain damages.

E. **Defendants Breached the Agreement By Refusing To Honor PSE's Exercise of the Western 50 kHz Purchase Option**

27. Because Incumbent Clearance did not occur, in whole or in part, pursuant to a Final FCC Action, the maintenance period ended on May 18, 2015, which is five (5) years after the effective date of the Agreement (and the same date as the Incumbent Challenge Cessation).

28. On May 19, 2015, pursuant to the Agreement, PSE provided Defendants notice that it was exercising the Western 50 kHz Purchase Option.

29. On June 8, 2015, Mr. Havens sent an email response to PSE's request to release the escrow funds. In that email, he did not respond to PSE's formal request exercising its option to purchase the Western 50 kHz.

30. In PSE's June 19, 2015 email response to Mr. Havens, PSE again requested that Defendants effectuate the assignment of the Western 50 kHz to PSE as soon as possible. PSE also advised Defendants that by failing to assign the Western 50 kHz to PSE, Defendants are in breach of the Agreement and are damaging PSE.

31. On August 14, 2015, PSE re-sent Defendants notice of its request to exercise the Western 50 kHz Purchase Option.

32. To date, Defendants have not responded to PSE's June 19, 2015 email or provided any other communication.

COMPLAINT
NO. 2:15-CV-01393 – 6

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

33. Defendants' failure to comply with the Agreement granting PSE the right to exercise the option under the Agreement to acquire the Western 50 kHz is damaging PSE by preventing PSE from fully utilizing the Western 50 kHz spectrum.

### FIRST CAUSE OF ACTION—
### BREACH OF CONTRACT FOR FAILURE TO RELEASE ESCROW FUNDS AT THE INCUMBENT CHALLENGE CESSATION

34. PSE realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-33 above.

35. Defendants entered into a valid and enforceable contract with PSE providing that at the Incumbent Challenge Cessation (May 18, 2015), if for any reason Incumbent Clearance did not occur, the escrow funds revert to PSE.

36. On May 18, 2015, at the Incumbent Challenge Cessation, no written, non-appealable Final FCC Action on Incumbent Clearance had occurred and MCLM still retains a license to the Incumbent Spectrum. Incumbent Clearance did not occur, in whole or in part, by that date.

37. Defendants, without justification or excuse, breached and are breaching the Agreement by, among other things, refusing to consent to the release of PSE's escrow funds as provided under the Agreement and the Escrow Agreement.

38. As a direct and proximate result of Defendants' breach, PSE has and will continue to sustain damages, including legal fees, in excess of $75,000, exclusive of interest and costs.

### SECOND CAUSE OF ACTION—
### BREACH OF CONTRACT FOR FAILURE TO HONOR PSE'S EXERCISE OF THE WESTERN 50 kHz PURCHASE OPTION

39. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-38 above.

40. Defendants entered into a valid and enforceable contract with PSE granting PSE the option of purchasing the Western 50 kHz.

COMPLAINT
NO. 2:15-CV-01393 – 7

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

41. On May 19, 2015, in the time period provided for under the Agreement, PSE sent Defendants formal written notice of its exercise of the Western 50 kHz Purchase Option.

42. Defendants, without justification or excuse, breached and are breaching the Agreement by refusing to honor PSE's exercise of the Western 50 kHz Purchase Option.

43. As a direct and proximate result of Defendants' breach, PSE has and will continue to sustain damages, including legal fees, in excess of $75,000, exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PSE prays for the following relief:

A. Pursuant to the Agreement, PSE demands specific performance of the Agreement requiring Defendants to

   (1) execute the release of the escrow funds to PSE as provided in the Agreement and the Escrow Agreement; and

   (2) effectuate the assignment of the Western 50 kHz to PSE pursuant to the Agreement;

B. For judgment in favor of PSE, and against Defendants, for damages in such amounts as may be proven at trial;

C. For judgment against Defendants for PSE's costs of suit, including PSE's reasonable attorneys' fees; and

D. For such other relief as the Court may deem just and proper.

COMPLAINT
NO. 2:15-CV-01393 – 8

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED this 1st day of September, 2015.

By: *s/ David S. Steele*
Mark W. Schneider #14105
David S. Steele #45640
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MWSchneider@perkinscoie.com
   DSteele@perkinscoie.com

*Attorneys for Plaintiff Puget Sound Energy, Inc.*

COMPLAINT
NO. 2:15-CV-01393 – 9

07771-0054/LEGAL127554568.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000